**THE UNIVERSITY OF TEXAS—PAN AMERICAN, Gary Gallup, Mark Adams, Oscar Segovia, Tracie Garner, Greg Hilley, Sandra Oliva, Hilario Rincones, individually, and in their official capacities, Appellants,**

v.

**Rebecca DE LOS SANTOS, Appellee.**

No. 13–99–057–CV.

Court of Appeals of Texas,
Corpus Christi.

July 15, 1999.

---

David E. Jenkins, General Litigation Division, John Cornyn, Atty. Gen., Andy Taylor, First Asst. Atty. Gen., Gregory S. Coleman, Solicitor Atty. Gen., Office of Atty. Gen., Linda Eads, Dept. Atty. Gen. for Litigation, Toni Hunter, Asst. Atty. Gen. Chief, Gen. Litigation Div., Austin, for Appellants.

Jose Antonio Gomez, Edinburg, for Appellee.

Before Justices DORSEY, YAÑEZ, and CHAVEZ

## O P I N I O N

Opinion by Justice CHAVEZ.

This is an interlocutory appeal of the denial of a plea to the jurisdiction filed by the University of Texas–Pan American, in a case brought against it by Rebecca De Los Santos, a former employee.

## Facts and Procedural History

De Los Santos was employed by the University as an assistant athletic director with responsibilities for academics and compliance with regulations of the National Collegiate Athletic Association (NCAA). Conflicts arose at the University athletic department concerning De Los Santos's interpretation of NCAA rules. On May 11, 1994, the University informed De Los Santos of its intent to terminate her and gave her opportunity to show cause why she should not be fired. On May 25 she was informed that she would be terminated on May 31. Acting through legal counsel, De Los Santos initiated an appeal hearing, which was resolved against her on August 15.

On August 25, 1994 she filed a lawsuit against the University and various individuals who worked in the University's athletic department. She alleged that she had been fired for reporting violations of NCAA rules, and also alleged that her termination was due to a conspiracy among the defendants to make false allegations against her. She asserted claims for breach of contract, tortious interference with contract, civil conspiracy, and violation of the Whistleblower Act.[1] The University filed a plea to the jurisdiction, alleging that De Los Santos had not complied with the Whistleblower Act's deadline for filing suit, and that sovereign immunity deprived the trial court of jurisdiction to hear her contract claims against the University. The trial court overruled the plea to the jurisdiction, and the State took an interlocutory appeal.[2]

We reverse the order of the trial court, render judgment that appellant's claims against the University be dismissed for want of jurisdiction, and remand for further proceedings involving the remaining individual defendants.

## Whistleblower Act

The Whistleblower Act was amended in 1995. However, because the events underlying this case took place in 1994, the 1995 amendments do not apply. Whistleblower Act, 74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws 3812, 3814.

Two provisions of the pre-amendment Whistleblower Act are crucial to this case:

§ 554.005   Limitations Period

Except as provided by Section 554.006, a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the alleged violation of this chapter:

(1) occurred, or

(2) was discovered by the employee through reasonable diligence.

Act of June 19, 1983, 68th Leg., R.S., ch. 832, § 3(a), 1983 Tex. Gen. Laws 4751, 4752.

§ 554.006   Exhaustion of Grievance or Appeal Procedures

(a) An employee of a local government must exhaust that government's grievance or appeal procedures relating to suspension or termination of employment or unlawful discrimination before suing under this chapter.

. . .

---

1. A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority. Tex. Gov't.Code   § 554.002 (Vernon Supp.1999).

2. An interlocutory appeal may be taken when a trial court grants or denies a plea to the jurisdiction brought by a governmental unit.

Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.1999). The University of Texas–Pan American is a governmental unit within the meaning of section 51.014. *See* Tex. Civ. Prac. & Rem.Code Ann.   § 101.001(2)(D) (meaning of "governmental unit" includes "any other institution ... the status and authority of which are derived from ... laws passed by the legislature"); *see also* Tex. Educ. Code Ann.   § 77.11 (Vernon Supp.1999) (authorizing University of Texas–Pan American).

(c) Time used by the employee in exhausting the grievance or appeal procedures is excluded from the period established by Section 554.005.

Act of June 16, 1989, 71st Leg., R.S., ch. 1222, § 1, 1989 Tex. Gen. Laws 4943, 4943.

■ Significantly, the provision requiring that grievance or appeal procedures be exhausted before suit is filed and tolling the ninety-day limitations period while such proceedings are pursued applies only to "an employee of a local government." [3] *Id.* For purposes of the Whistleblower Act, "local government" means a county, municipality, public school district, or a special-purpose district or authority. TEX. GOV'T.CODE ANN. § 554.001(2) (Vernon Supp.1999). As an employee of the University of Texas system, De Los Santos was not "an employee of a local government." Therefore, the ninety-day limitation period was not tolled while she pursued her appeal of her termination within the University's own appeal procedure.

■ Consequently, De Los Santos was obligated to file suit within ninety days of the date the alleged violation occurred, or should have been discovered in the exercise of reasonable diligence. De Los Santos concedes that the University informed her of its intent to terminate her on May 11, 1994. When determining the time a cause of action accrues in an unlawful employment discrimination case, the proper focus is on the time the employee learns of the allegedly discriminatory employment decision, not on the time when the consequences of that decision come to fruition. *Johnson & Johnson Med., Inc. v. Sanchez,* 924 S.W.2d 925, 929 (Tex.1996) citing *Specialty Retailers, Inc. v. DeMo-*

*ranville,* 933 S.W.2d 490, 493 (Tex.1996); *see also Villarreal v. Williams,* 971 S.W.2d 622, 625–26 (Tex.App.—San Antonio 1998, no pet.) (applying *DeMoranville* rule in Whistleblower case). De Los Santos's lawsuit, filed August 25, 1994, was filed more than ninety days after May 11, 1994, the date she learned of the allegedly discriminatory employment decision.

■ De Los Santos contends that her petition contains other allegations of retaliation beyond her claim of wrongful termination. De Los Santos refers to allegations that the University deprived her of an opportunity for a fair termination appeal by changing the procedural rules and permitting false testimony during the hearing. Under the "continuing violation" doctrine, equitable considerations may require that the limitations period not begin to run at the date of the first incident of retaliatory [4] conduct, but rather be tolled until facts supportive of a cause of action are or should be apparent to a reasonably prudent person similarly situated. *Glass v. Petro–Tex Chemical Corp.,* 757 F.2d 1554, 1560 (5th Cir.1985), citing *Dumas v. Town of Mount Vernon,* 612 F.2d 974, 978 (5th Cir.1980). "The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights." *Id.*

In this case, the letter De Los Santos received on May 11, 1994 informing her of the University's intent to terminate her employment should have alerted her to protect her rights. Under the Whistleblower Act as it existed prior to 1995, initiating the University's appeal procedure was insufficient to protect her rights. Because initiating an appeal did not toll

---

3. This provision has since been amended, and the broader phrase "public employee" has been substituted for "an employee of a local government." Whistleblower Act, 74th Leg., R.S., ch. 721, § 6, 1995 Tex. Gen. Laws 3812, 3813 (current version at TEX. GOV'T.CODE ANN. § 554.006(a) (Vernon Supp.1999)).

4. The "continuing violation" doctrine developed under case law pursuant to Title VII, the federal anti-discrimination statute, and its

state counterpart, the Texas Commission on Human Rights Act. To our knowledge, no Texas case has ever had occasion to apply the "continuing violation" doctrine in the context of the Texas Whistleblower Act. However, the same equitable considerations that were behind the development of the "continuing violation" doctrine in the Title VII context are present in the whistleblower context. Therefore, we apply the "continuing violation" doctrine in this case.

the ninety-day limitations period, she had to file a lawsuit within ninety days of May 11.

 When a cause of action derives from a statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable for lack of jurisdiction. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex.1986); *Gregg County v. Farrar*, 933 S.W.2d 769, 777 (Tex.App.— Austin 1996, writ denied). Because De Los Santos did not comply with the requirement of section 554.005 that she file suit within ninety days, the trial court was obligated to grant the University's plea to the jurisdiction regarding De Los Santos's whistleblower claim, and erred in failing to do so. *Cf. DeMoranville*, 933 S.W.2d at 492 (statutory requirement that age discrimination complaint be filed with EEOC or TCHR within 180 days was mandatory and jurisdictional).

### Common Law Claims

De Los Santos also sued for breach of contract and tortious interference with existing and prospective contracts. The University contends that sovereign immunity is a bar to the trial court's jurisdiction over De Los Santos's common law claims. We agree. The Texas Supreme Court made clear in *Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 405 (1997) that the sovereign immunity enjoyed by the state of Texas includes both immunity from suit and immunity from liability. Although the State waives immunity from liability when it contracts with private citizens, it retains immunity from suit. *Id.* at 408. Consequently, a trial court errs in overruling a plea to the jurisdiction asserting sovereign immunity against contract claims. *Id.* at 412.

De Los Santos relies on our opinion in *Texas Department of Transportation v. Jones*, 983 S.W.2d 90, 91 (Tex.App.—Corpus Christi 1998, no pet. h.). However, *Jones* did not involve contract claims such as those asserted in *Federal Sign* and the instant case. Rather, the plaintiff claimed permission to bring his suit against the State under the Texas Tort Claims Act.[5] *Id.* at 91. Therefore, *Federal Sign* was not controlling over the plaintiff's claims in *Jones* in the manner that it is controlling in the instant case.

### Conclusion

The trial court was without jurisdiction to hear any of appellee's claims against the University. Her whistleblower claims are barred by her failure to comply with the statute's time limitations provisions, and her common law claims are barred by the University's immunity from suit under the doctrine of sovereign immunity. We reverse the order of the trial court, render judgment that appellant's claims against the University be dismissed for want of jurisdiction, and remand for further proceedings involving the remaining individual defendants.

---

5. See Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021, 101.025 (Vernon 1997).