NUMBER 13-01-446-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_______________________________________________________________ 


TEXAS DEPARTMENT OF PUBLIC SAFETY , Appellant,


v.

ADRIAN RIVERA , Appellee.

_______________________________________________________________ 


On appeal from the 214th District Court

of Nueces County, Texas.

_______________________________________________________________ 


MEMORANDUM OPINION


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Rodriguez


This is an accelerated appeal of the denial of a plea to the jurisdiction and motion to dismiss filed by appellant, the Texas
Department of Public Safety (DPS), in a case brought against it by appellee, Adrian Rivera, a DPS trooper. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2001) (allowing interlocutory appeals from orders denying a
governmental unit's plea to the jurisdiction). By two issues, DPS contends sovereign immunity bars Rivera's claims. We
reverse and dismiss this case.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

Appellate courts review an appeal from a ruling on a plea to the jurisdiction de novo. See Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). When a suit is barred by governmental immunity, it is properly dismissed for want of
jurisdiction. See Liberty Mutual Ins. Co. v. Sharp, 874 S.W.2d 736, 738-39 (Tex. App.-Austin, 1994 no writ). As an
agency of the State of Texas, DPS could only be sued for breach of contract with legislative consent. See Fed. Sign v. Tex.
So. Univ., 951 S.W.2d 401, 405 (Tex. 1997); see also The Univ. of Tex.-Pan Am. v. De Los Santos, 997 S.W.2d 817, 821
(Tex. App.-Corpus Christi 1999, no pet.).

By its first issue, DPS argues that Rivera failed to obtain legislative consent to sue DPS for breach of contract, thus,
sovereign immunity applies. In response, Rivera asserts that DPS waived immunity by its conduct. However, the Texas
Supreme Court explicitly declined to adopt a waiver-by-conduct exception to immunity. See Gen. Servs. Comm'n v.
Little-Tex Insulation Co., 39 S.W.3d 591, 597 (Tex. 2001). Rivera next argues that DPS waived immunity by allegedly
failing to invoke the administrative remedy set out in chapter 2260 of the Texas Government Code. See Tex. Gov't Code
Ann. § 2260.001-.108 (Vernon 2000). Rivera contends the DPS's "failure to invoke the procedures established by Section
2260 when they became available specifically waives their immunity just as surely as [he] would be subject to [DPS's]
immunity had he failed to comply with Section 2260." Rivera, however, provides us with no specific authority, arguments
or record cites to support this general assertion. See Tex. R. App. P. 38.1(h) (brief must contain argument and authorities
for contentions made). Moreover, chapter 2260 applies only to a contract "between a unit of the state government and a
contractor. . . ." See Tex. Gov't Code Ann. § 2260.001(1) (Vernon 2000). Rivera, a DPS employee, is not a contractor as
defined in this chapter. See id. § 2260.001(2)(B) ("contractor" does not include an employee for a unit of state
government).

We conclude there has been no valid waiver of sovereign immunity regarding the breach of contract allegations. Absent
legislative permission to sue or express statutory waiver of immunity, DPS, an agency of the State of Texas, is not subject
to suit in state court. See Lowe v. Tex. Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976). Appellant's first issue is sustained.

By its second issue, DPS contends Rivera's tortious misconduct claim is likewise barred by sovereign immunity. The
Texas Tort Claims Act provides that sovereign immunity from suit and liability is waived only for claims of "personal
injury and death so caused by a condition or use of tangible personal or real property if the governmental unity would, were
it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(1),
101.125(a) (Vernon 1997). The alleged personal injury must have been proximately caused by a condition or use of
tangible personal or real property. See Dallas County MHMR v. Bossley, 968 S.W.2d 339, 342-43 (Tex. 1998). Causation
requires more than a mere involvement of property. See id. (citing Union Pump Co. v. Albritton, 898 S.W.2d 774, 776
(Tex. 1995). Our review of the record reveals that Rivera, whose claim arises from an alleged duty not to terminate his
employment, did not plead an exception to DPS's sovereign immunity as provided in the Texas Tort Claims Act. (1) He
must have done so in order to maintain an action against the State on a tort. See Tex. Civ. Prac. & Rem. Code Ann. §
101.025(a) (Vernon 1997). DPS's second issue is sustained.

By one counter point, Rivera complains that the trial court erred by failing to grant his motion for partial summary
judgment. However, because this is an accelerated appeal only on the issue of sovereign immunity, Rivera's counter point
is not properly before us. See Tex. R. App. P. 28.1, 29.6.

Accordingly, because we conclude DPS's plea to the jurisdiction based on sovereign immunity should have been granted,
we reverse the order of the trial court and render judgment that Rivera's claims against the DPS be dismissed for want of
jurisdiction. 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Memorandum Opinion delivered and filed

this 15th day of November, 2001.

 

1. Rivera's general tortious misconduct allegation is that DPS "had a duty to not terminate [Rivera] without just or
reasonable cause. [DPS] breached that duty by terminating [Rivera] before affording him a full hearing establishing cause. 
Said breach was the proximate cause of [his] damages. . . ."