Affirmed and Opinion filed May 30, 2002









Affirmed and Opinion filed May 30,
2002.

 



 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00366-CV

____________

 

RAMON MENCHACA, Appellant

 

V.

 

HARRIS COUNTY, Appellee

 






 
 
 
 
 
 
 
  
 
  
 
 
 
 
 
  
 





 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 99-38000

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 









 
 
 
 
 
 
 
  
  
  
 
 
 
 
 
  
 




O P I N I O N

Appellant Ramon Menchaca appeals the
dismissal of his whistleblower and retaliation claims following the trial court=s grant of summary judgment in favor
of appellee, Harris County.  We affirm.

PROCEDURAL AND FACTUAL BACKGROUND








Ramon Menchaca worked part-time as a
fire/arson investigator for the Harris County Fire Marshal=s Office for nine years.  In August of 1998, he testified in deposition
as a fact witness in a lawsuit brought by a former coworker of Menchaca=s against Harris County, the Harris
County Fire Marshal=s Office, the fire marshal, and the assistant fire
marshal.  Menchaca contends that his
deposition testimony corroborated the coworker=s testimony that the fire marshal and
others engaged in illegal and improper activities.  In February of 1999, Menchaca began sending
anonymous letters to various county officials and personnel alleging that the
Fire Marshal=s Office was engaging in the
following improper activities: 
falsifying reports; hiring unqualified, unlicensed, or uncredentialed
personnel to conduct fire and arson investigations and inspections; and
misusing Harris County resources for personal benefit.  Menchaca contends that his identity was
revealed to some of the recipients, and was eventually discovered by the fire
marshal.

On April 20, 1999, the Harris County
Commissioner=s Court approved the replacement of
all part-time fire/arson investigator classifications with full-time
classifications.  On April 21, Menchaca
was told that his part-time position was being Aabolished@ and that he could apply for one of
the full-time positions.  Menchaca, who
was also a full-time employee of the City of Houston Fire Department, submitted
an application, but was not hired.  On
April 28, he asked the fire marshal why he was not hired, and was told that
City of Houston fire fighters Adon=t fit@ because of the rotating shift work. 

Menchaca filed suit on July 22, 1999,
alleging the following:  (1) a
whistleblower claim under Texas Government Code Chapter 554, which prohibits a
state agency or local government from retaliating against a public employee for
reporting violations of law; (2) a claim under Texas Labor Code section 52.051,
which prohibits an employer from discharging, disciplining, or penalizing an
employee for the employee=s compliance with a valid subpoena; and (3) a “failure to
hire” claim under Texas Labor Code section 21.051, which prohibits
discriminatory employment practices.  The
trial court granted Harris County a partial summary judgment on all of Menchaca=s claims except the failure to hire
claim, which Menchaca later nonsuited. 
The trial court=s final order of dismissal was signed on January 31,
2001.  This appeal followed.








DISCUSSION AND HOLDINGS

Menchaca presents two issues for
review.  In the first, he contends that
the trial court erred in granting Harris County summary judgment because there
was sufficient evidence to support his whistleblower claim.  In the second, he contends that there was
sufficient evidence to support his allegations that he was fired in retaliation
for (1) making good faith reports of violations of law as required to support
his whistleblower claim, and (2) for responding to a valid subpoena in the
former coworker=s lawsuit.  However,
because we find that the trial court properly dismissed Menchaca=s whistleblower claim as untimely
filed, we need not reach the sufficiency of the evidence to support the
elements of that claim.  Further, because
Menchaca presented no evidence that he testified in compliance with a valid
subpoena, we find no error in the trial court=s dismissal of the Labor Code section
52.051 claim.  

Standard of Review

Harris County=s motion for summary judgment
challenged Menchaca=s whistleblower claim with a traditional motion for summary
judgment, and his subpoena claim with a no-evidence motion for summary
judgment.  See Tex. R. Civ. P. 166a(c), 166a(i).








In a traditional motion for summary
judgment, the movant has the burden of showing, with competent proof, that no
genuine issue of material fact exists, and that it is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Mgmt. Co.,
690 S.W.2d 546, 548 (Tex.1985).  When a
defendant is the movant for summary judgment, it has the burden to conclusively
negate at least one essential element of the plaintiff=s cause of action, or conclusively
establish each element of an affirmative defense.  Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex.1997).  If the
movant=s motion and summary judgment proof
facially establish its right to judgment as a matter of law, the burden shifts
to the non‑movant to raise a material fact issue sufficient to defeat
summary judgment.  City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979); HBO, A Div. of
Time Warner Entm=t Co., L.P. v. Harrison, 983 S.W.2d 31, 35 (Tex. App.CHouston [14th Dist.] 1998, no
pet.).  In deciding whether a disputed
material fact issue exists precluding summary judgment, we resolve every
reasonable inference in favor of the non‑movant and take all evidence
favorable to it as true.  Science
Spectrum, 941 S.W.2d at 911; Nixon, 690 S.W.2d at 548‑49. 

In a no-evidence motion for summary
judgment, the movant must show that (1) there is a complete absence of proof of
a vital fact; (2) the court is barred by rules of law or evidence from giving
weight to the only evidence offered to prove a vital fact; (3) the evidence
offered to prove a vital fact is no more than a scintilla; or (4) the evidence
conclusively establishes the opposite of a vital fact.  Blan v. Ali, 7 S.W.3d 741, 747 (Tex.
App.CHouston [14th Dist.] 1999, no pet.); Lampasas
v. Spring Center, Inc., 988 S.W.2d 428, 432 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  In considering a Ano evidence@ summary judgment, we review the
proof in the light most favorable to the nonmovant and disregard all contrary
proof and inferences.  Blan, 7
S.W.3d at 747.  If the nonmovant=s proof rises to a level that would
enable reasonable and fair minded people to differ in their conclusions, then
he has presented more than a scintilla.  Id.;
Lampasas, 988 S.W.2d at 432‑33. 
If, on the other hand, the proof is so weak as to do no more than create
mere surmise or suspicion of a fact, then it is less than a scintilla.  Blan, 7 S.W.3d at 747; Lampasas,
988 S.W.2d at 432.

Because the trial court=s order did not specify the ground or
grounds upon which it relied in granting appellee=s motion, we will uphold the judgment
if it were properly granted and supported on any ground by competent summary
judgment evidence.  Star‑Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex.1995); Carr v. Brasher, 776
S.W.2d 567, 569 (Tex.1989).

The Whistleblower Claim








In addition to challenging the
substance of Menchaca=s statutory whistleblower claim, Harris County moved for a
traditional summary judgment on the ground that his claim was barred by
limitations.  A defendant moving for
summary judgment on the affirmative defense of limitations has the burden to
conclusively establish that defense. 
KPMG Peat Marwick v. Harrison County Fin. Corp., 988 S.W.2d 746, 748
(Tex. 1999); Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530
(Tex.1997).  If the movant establishes
that the statute of limitations bars the action, the nonmovant must then adduce
summary judgment proof raising a fact issue in avoidance of the statute of
limitations.  KPMG, 988 S.W.2d at
748. 

Menchaca=s whistleblower claim is governed by
chapter 554 of the Texas Government Code. 
See Tex. Gov=t Code Ann. '' 554.001-.010 (Vernon Supp. 2002)
(the AWhistleblower Act@). 
A public employee who seeks relief under the Whistleblower Act must sue
not later than the 90th day after the date on which the alleged violation (1)
occurred; or (2) was discovered by the employee through reasonable diligence.  Id. ' 554.005.  However, time used by the employee in acting
under the applicable grievance or appeal procedures may be excluded from the
period established by section 554.005.  See
id. '' 554.005, 554.006(c). 

On April 21, 1999, Menchaca learned
that his position was to be eliminated and that his last day of part-time
employment would be April 23, 1999.[1]  He filed his claim on July 22, 1999.  Harris County maintains that the alleged
violation occurred, and limitations began to run, when Menchaca learned that
his position was to be eliminatedCon April 21, 1999.  In support of this claim, Harris County cites
Stroud v. VBFSB Holding Corp., 917 S.W.2d 75, 80-81 (Tex. App.CSan Antonio 1996, writ denied)
(noting that a cause of action for constructive dismissal arises when the party
knows of his injury rater than the technical last date of employment), and Specialty
Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 493 (Tex. 1996) (stating
that, with regard to employment discrimination claim filed with Texas
Commission on Human Rights, limitations period began when employee was informed
of allegedly discriminatory employment decision, not when decision came to
fruition).[2]  

Menchaca does not dispute that 90
days after April 21, 1999 is July 20, 1999. 
However, he contends that he invoked Harris County=s grievance procedure, thereby
tolling limitations during the pendency of the grievance proceedings and making
his lawsuit timely filed on July 22, 1999. 
Although Menchaca argued strenuously at oral argument that limitations
should not begin to run until April 27, when he allegedly discovered his
termination was wrongful,[3]
or at the earliest, April 23, his last day of work, he did not make those
arguments in his appellate brief.  Nor
did he offer any contrary authority to refute Harris County=s argument that limitations began to
run on April 21 when Menchaca learned that his part-time position was being
eliminated.  More importantly, he did not
make those arguments to the trial court below. 
In his response to Harris County=s motion for summary judgment (and on
appeal), Menchaca=s sole argument against the assertion of limitations was (and
is) that he invoked a grievance procedure and thereby tolled limitations.  Indeed, Menchaca=s argument assumes that limitations
began to run on April 21.

Therefore, assuming with Menchaca
that the limitations period began to run on April 21, 1999, we must consider
whether and for how long the period was tolled, as he claims, by his invocation
of a grievance procedure.  On appeal,
Menchaca argues that limitations did not run against him between April 28, 1999
and April 30, 1999.  He claims that on
April 28, 1999, he filed a grievance by handing a grievance form to his
supervisor, Chief Investigator Self.  He
alleges that Harris County formally responded to this grievance on April 30,
1999.  Excluding these dates, Menchaca
argues, makes his complaint timely filed. 








However, nearly all of the
documentary evidence Menchaca references in support of his argument was ruled
inadmissable by the trial court, and Menchaca has not challenged that ruling on
appeal.  The only admitted evidence
Menchaca directs us to is his testimony regarding what he was told on April 21,
and another part-time investigator=s testimony that he also was told the
part-time positions were being abolished. 
Menchaca=s grievance documents and Harris County=s written response to his grievance,
as well as the written record of his work on April 23, were all ruled
inadmissible.  Because the ruling is
unchallenged, we cannot consider them. 
However, there is some evidence in Harris County=s motion for summary judgment that
supports Menchaca=s claim that, at an April 28, 1999 meeting with Fire Marshall
J.J. Pruitt and Self, he handed his grievance to Pruitt, who told him that the
Harris County grievance procedure did not apply to him because he was no longer
an employee.  Pruitt also told him to
give the documents to Self because he did not want them.  Harris County=s summary judgment evidence includes
a copy of a Harris County grievance form filled out by Menchaca and dated April
28, 1999.  As we explain below, however,
this evidence does not save Menchaca=s claim.








Menchaca contends that Pruitt and
Self created an ambiguity regarding the availability of the applicable
grievance procedure to his claims; this alleged ambiguity should be resolved in
his favor.  See University of Texas
Med. Branch at Galveston v. Hohman, 6 S.W.3d 767, 775 (Tex. App.CHouston [1st Dist.] 1999, pet. dism=d w.o.j.) (holding that when it is
unclear whether the employer has a post-termination grievance procedure, or it
is unclear what the procedure is, and terminated employees timely notify
employer they are invoking grievance procedure, terminated employees have
adequately implicated grievance procedures for purposes of initiating administrative
action prior to filing suit); Beiser v. Tomball Hosp. Auth., 902 S.W.2d
721, 724 (Tex. App.CHouston [1st Dist.] 1995, writ denied) (holding that
limitations did not bar terminated employee=s suit when communications with
employer created uncertainty as to availability or applicability of grievance
procedures).  However, in contrast to the
cases Menchaca relies upon, we find no ambiguity in the grievance procedure
here.  The Harris County Personnel
Regulations in effect at the relevant times provides as follows: “An individual
may not file a grievance based upon his/her termination from employment.”  Menchaca does not dispute that these
regulations were applicable to him, nor does he contend that there were other
applicable regulations that conflicted with the Harris County regulations.[4]  Indeed, Menchaca admits that when he
attempted to hand Pruitt the documents he characterized as a grievance, Pruitt
informed him, consistent with the regulations, which the grievance procedure
did not apply to him because he was no longer an employee.  Pruitt did not create an ambiguity in the
applicable procedure when he refused to take Menchaca=s documents and told Menchaca to give
them to Self.  Further, by unilaterally
invoking a non-existent grievance procedure, Menchaca could not create an
ambiguity, especially when he was expressly told there was no grievance
procedure available to him. 

Because Menchaca has failed to
identify any evidence of any statements or actions on the part of Harris County
that could be characterized as creating an ambiguity in the grievance
procedure, we reject his contention that his invocation of a grievance tolled
the limitations period sufficiently to render his claim timely filed.

Those portions of Menchaca=s first and second issues that are
predicated on his whistleblower claim are overruled. The Subpoena Claim

Having determined that the trial
court did not err in dismissing Menchaca=s whistleblower claim, we now turn to
the dismissal of his claim that he was fired for complying with a valid
subpoena in violation of Texas Labor Code section 52.051.  Menchaca does not assign a separate issue for
the subpoena claim; instead, he appears to raise it as further evidentiary
support for his whistleblower claim. 
Nevertheless, because he raises it in the discussion of his second
issue, we will address it.








Texas Labor Code section 52.051
provides that “[a]n employer may not discharge, discipline, or penalize in any
manner an employee because the employee complies with a valid subpoena to appear
in a civil, criminal, legislative, or administrative proceeding.”  Tex.
Lab. Code Ann. ' 52.051(a) (Vernon 1998). 
Menchaca contends that he was fired in violation of section 52.051 for
testifying truthfully in deposition in the former coworker=s case against the Harris County Fire
Marshal=s Office, and that this is some
evidence that his termination was retaliatory. 
As noted above, Harris County moved for a no-evidence summary judgment
on Menchaca=s subpoena claim.

In its motion before the trial court,
Harris County asserted multiple grounds for summary judgment on this claim,
including the ground that there was no evidence that a “valid subpoena” was
ever issued for Menchaca=s appearance and testimony. 
Menchaca does not attack this possible ground for dismissal.  If a summary judgment may have been based on
a ground not specifically challenged by the appealing party, the judgment must
stand.  Malooly Brothers, Inc. v.
Napier, 461 S.W.2d 119 (Tex. 1970); Continental Casing Corp. v. Siderca
Corp., 38 S.W.3d 782 (Tex. App.CHouston [14th Dist.] 2001, no
pet.).  Here, Harris County demonstrated
that neither a court clerk nor a court reporter issued a subpoena to Menchaca
prior to his testimony.  It was also
shown that, at the time of the deposition (which was noticed by Menchaca=s counsel in this suit), Harris
County was Menchaca=s employer and produced him for deposition.  In Menchaca=s argument on appeal, he states that
he appeared at the deposition in response to a valid subpoena, but directs us
to no evidence in support of this statement. 
Further, he does not argue that the protection of section 52.051 extends
to deposition notices as well as subpoenas. 
Therefore, in the absence of any evidence of a valid subpoena upon which
to base a claimed violation of Labor Code section 52.051, we uphold the trial
court=s dismissal of this claim. 

Accordingly, the judgment of the
trial court is affirmed.

 

 

/s/        Wanda
McKee Fowler

Justice

 

 

Judgment rendered and Opinion filed
May 30, 2002.

Panel consists of Justices Hudson,
Fowler, and Edelman.

Do Not PublishCTex. R. App.
P. 47.3(b).











[1]  Menchaca contends that the part-time
positions were actually Aconverted@ to full-time rather than Aabolished@ as he was told, but his testimony demonstrates that he knew that he no
longer had a job as a part-time fire/arson investigator on April 21, 1999,
however the procedure resulting in the new full-time positions was
characterized.  Further, because Menchaca
did not argue that limitations began to run at a later date, this contention
does not affect our determination of the limitations period.





[2]  We note that several more recent
cases have applied this reasoning specifically to Whistleblower Act
claims.  See, e.g., University of
Texas-Pan American v. De Los Santos, 997 S.W.2d 817, 820 (Tex. App.CCorpus Christi
1999, no pet.) (holding that limitation period on university employee=s Whistleblower
Act claim began to run on date she learned of allegedly discriminatory
employment decision); Villarreal v. Williams, 971 S.W.3d 622, 626 (Tex.
App.CSan Antonio 1998, no pet.) (holding that police officer=s Whistleblower
Act claims accrued on date they received unequivocal written notification of
termination).





[3]  We assume Menchaca meant April
28, the date Menchaca claims he met with Pruitt and Self.





[4]  At oral argument, Menchaca
contends that those employed at the fire marshal=s office were never given the Harris County Personnel Regulations and
knew only that if they had a grievance, they could grieve it.  However, this argument does not appear in his
brief or in the record below.