NUMBER 13-03-445-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

SUZETTE BELLOWS,                                                         Appellant,

v.

DANA J. HENDRICK, INDIVIDUALLY, AND 
THE DISTRICT COMMUNITY SUPERVISION 
AND CORRECTIONS DEPARTMENT,                                   Appellees.
___________________________________________________________________

On appeal from the 156th District Court
of San Patricio County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

      Appellant, Suzette Bellows, brings this appeal following the dismissal of her
wrongful termination claim against appellees, Dana J. Hendrick, Individually, and the
District Community Supervision and Corrections Department (the Department). By six
issues, appellant contends the trial court erred in granting appellees’ plea to the
jurisdiction and motion for summary judgment. We affirm.
I. FACTS
         As this is a memorandum opinion, and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. JURISDICTION
         By her first issue, appellant contends the trial court erred in granting appellees’
plea to the jurisdiction. Specifically, appellant argues: (1) the jurisdiction of the trial
court was properly invoked after appellees failed to consider the appeal of her
termination pursuant to the Department’s policy and procedure manual; and,
alternatively, (2) failure to comply with the sixty-day requirement of section 554.006
of the Texas Government Code does not mandate dismissal for want of jurisdiction. 
See Tex. Gov’t Code Ann. § 554.006 (Vernon Supp. 2004). In addition, appellant
argues that when an employer’s grievance policy is ambiguous, a terminated
employee’s claim cannot be time-barred by the statutory requisites of the
Whistleblower Act. See Fort Bend Indep. Sch. Dist. v. Rivera, 93 S.W.3d 315, 320-21 (Tex. App.—Houston [14th Dist.] 2002, no pet.).
A. Standard of Review
         A plea to the jurisdiction is a dilatory plea; its purpose is “to defeat a cause of
action without regard to whether the claims asserted have merit.” Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's
authority to determine the subject matter of a pleaded cause of action. City of
Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.—El Paso 2000, pet. dism'd w.o.j.);
State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ
denied). 
         Because subject matter jurisdiction is a question of law, we review a trial court's
ruling on a plea to the jurisdiction under a de novo standard of review. State v.
Gonzalez, 82 S.W.3d 322, 327 (Tex. 2003). In determining whether jurisdiction
exists, rather than looking at the claim's merits, we look to the allegations in the
pleadings, accept them as true, and construe them in favor of the pleader. See County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). We consider the facts alleged in
the petition, and to the extent it is relevant to the jurisdictional issue, any evidence
submitted by the parties to the trial court. Tex. Natural Res. Conservation Comm'n
v. White, 46 S.W.3d 864, 868 (Tex. 2001); Blue, 34 S.W.3d at 555. 
         It is the plaintiff's burden to allege facts affirmatively demonstrating the trial
court's jurisdiction. Tex. Ass'n of Bus., 852 S.W.2d at 446; Mission Consol. Indep.
Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.—Corpus Christi 2001, no pet.).
When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency, and the plaintiff should be afforded the opportunity to amend. Brown, 80
S.W.3d at 555. On the other hand, if the pleadings affirmatively negate the existence
of jurisdiction, then a plea to the jurisdiction may be granted without allowing the
plaintiff an opportunity to amend. Id. 
B. Analysis
         When a cause of action derives from statute, the statutory provisions are
mandatory and exclusive. Univ. of Tex.–Pan Am. v. De Los Santos, 997 S.W.2d 817,
821 (Tex. App.—Corpus Christi 1999, no pet.). If the provisions are not complied
with in all respects, the action is not maintainable for lack of jurisdiction. Id.
         The Whistleblower Act states that a public employee must initiate action under
the grievance or appeal procedures of the employer before the employee may bring suit
for wrongful termination. See Tex. Gov’t Code Ann. § 554.006(a) (Vernon Supp.
2004). If the employer has not rendered a final decision in the grievance procedure
within sixty days of the date the grievance was filed, the employee can either: (1)
exhaust the grievance procedure without losing the right to sue within thirty days
following the exhaustion; or (2) terminate the grievance procedure and file suit within
the time remaining under the statute of limitations. See id. § 554.006(d) (Vernon
Supp. 2004); City of San Antonio v. Marin, 19 S.W.3d 438, 440 (Tex. App.–San
Antonio 2000, no pet.). In other words, an employee is required to initiate the
employer’s grievance procedure which then gives the employer an opportunity to reach
a final decision within sixty days. Marin, 19 S.W.3d at 441. Only then does the
statute permit an employee to file suit under the Whistleblower Act. Id. 
         The purpose of allowing an employer sixty days to make a final decision is to
provide it with an opportunity to correct its errors by resolving disputes and thereby
avoiding the expenses and efforts of litigation. Id.; Gregg County v. Farrar, 933
S.W.2d 769, 775 (Tex. App.—Austin 1996, no writ) (citing House Research Org., Bill
Analysis, Tex. H.B. 1405, 71st Leg., R.S. (1989)). The Whistleblower Act clearly
prohibits a suit from being filed during the sixty days following the initiation of the
grievance procedure, and prematurely filing suit would violate both the spirit and letter
of the statute. Marin, 19 S.W.3d at 441.
         In this case, it is undisputed that appellant did not give the Department sixty
days to reach a decision concerning the appeal of her termination. Appellant initiated
the grievance procedure on January 23, 2002 and filed her original petition on March
4, 2002. During this time, appellees did not reach a final decision concerning
appellant’s grievance. Appellant gave appellees forty days to resolve the dispute
before she filed suit. This violated the provisions set forth under the Whistleblower
Act. See Tex. Gov’t Code Ann. § 554.006(d); Marin, 19 S.W.3d at 441. Because
appellant did not wait sixty days before filing suit, the trial court did not have
jurisdiction. See Univ. of Tex. Med. Branch at Galveston v. Savoy, 86 S.W.3d 782,
787 (Tex. App.–Beaumont 2002, pet. denied) (holding that failure to satisfy
mandatory statutory prerequisites to filing suit under Whistleblower Act deprives court
of jurisdiction); Marin, 19 S.W.3d at 442 (same); Univ. of Tex. Med. Branch at
Galveston v. Hohman, 6 S.W.3d 767, 774 (Tex. App.—Houston [1st Dist.] 1999, pet.
dism’d w.o.j.) (stating that when a party sues under a statutory cause of action the
party must comply with the administrative prerequisites, which are jurisdictional); De
Los Santos, 997 S.W.2d at 821 (holding that failure to comply with the statutory
requirements of Whistleblower Act deprives court of jurisdiction); Farrar, 933 S.W.2d
at 777 (same); but see Univ. of Tex. Med. Branch at Galveston v. Barrett, 112 S.W.3d
815, 817 (Tex. App.—Houston [14th Dist.] 2003, pet. filed) (noncompliance with
Whistleblower Act’s sixty-day waiting period does not preclude jurisdiction upon trial
court and therefore requires abatement instead of dismissal). 
         Additionally, appellant asserts that she should not be time barred by the
requisite limitations of the Whistleblower Act because the Department’s grievance
policy is ambiguous. Appellant relies on Fort Bend Indep. Sch. Dist. v. Rivera, where
the court stated that when an employer’s grievance policy is ambiguous, a terminated
employee’s claim will not be time-barred by the statutory requisites of the
Whistleblower Act. See Rivera, 93 S.W.3d at 320-21. However, in Rivera and similar
cases, the ambiguities derived from whether the employer had a grievance procedure
and whether the employees properly invoked that procedure. See Rivera, 93 S.W.3d
at 320-21; Hohman, 6 S.W.3d at 775; Curbo v. State, 998 S.W.2d 337, 341 (Tex.
App.—Austin 1999, no pet.). These cases are inapplicable because in the present
case, appellant properly invoked the grievance procedure and even requested a hearing. 
There was no ambiguity as to whether the Department’s grievance procedure existed
or whether appellant invoked that procedure. 
         Therefore, we find that the trial court did not err in granting appellees’ plea to
the jurisdiction. Thus, appellant’s first issue is overruled. 
         In issues three and four, appellant contends the trial court erred in granting
appellees’ summary judgment as to her Whistleblower Act claim because there was
sufficient evidence that she reported a violation of law to an appropriate law
enforcement authority. Because these issues are related to appellant’s claim under the
Whistleblower Act, we need not address them due to the disposition of appellant’s
first issue. See Tex. R. App. P. 47.1.
III. SUMMARY JUDGMENT
         By her second and fifth issues, appellant contends the trial court erred by
granting summary judgment as to: (1) the claim for injunctive relief in the form of
reinstatement; and (2) the claim of intentional infliction of emotional distress.A. Standard of Review
         In the appeal of a traditional summary judgment, we must determine whether
the summary judgment proof establishes as a matter of law that there is no genuine
issue of material fact as to one or more of the essential elements of the plaintiff's
cause of action or whether the defendant has conclusively established all elements of
his affirmative defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530
(Tex. 1997); Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996); Crain v. Smith, 22
S.W.3d 58, 59 (Tex. App.—Corpus Christi 2000, no pet.); see City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). A defendant who
conclusively negates at least one essential element of a plaintiff's claim or who
conclusively establishes all the elements of an affirmative defense is entitled to
summary judgment. Alvarez v. Anesthesiology Assocs., 967 S.W.2d 871, 874 (Tex.
App.—Corpus Christi 1998, no pet.). When reviewing a summary judgment, we take
as true all evidence favorable to the non-movant and indulge every reasonable
inference in the non-movant's favor. See Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549 (Tex. 1985). The
propriety of a summary judgment is a question of law; therefore, we review the trial
court's granting of a motion for summary judgment de novo. Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Commerce Bank-Rio Grande Valley v.
Correa, 28 S.W.3d 723, 726 (Tex. App.—Corpus Christi 2000, pet. denied). 
B. Analysis
1. Reinstatement
         First, we address appellant’s claim for reinstatement. Specifically, appellant
sought reinstatement as a remedy for violation of her: (1) right to free speech under
article I, section 8 of the Texas Constitution; (2) property interests without due course
of law under article I, section19 of the Texas Constitution; and (3) rights under the
Whistleblower Act. Because of the disposition of appellant's first issue, we need not
address appellant’s claim for reinstatement based on an alleged violation of her rights
under the Whistleblower Act. See Tex. R. App. P. 47.1.
         Furthermore, as to the constitutional claims, appellant only argues that the trial
court erred in granting the summary judgment because the remedy of reinstatement
was not addressed in appellees’ motion. However, a review of the record reveals
appellees did address appellant’s rights under the Texas Constitution by asserting that
appellant’s constitutional claims fail as a matter of law. Because the motion addressed
the claims on which appellant’s remedy of reinstatement was based, the trial court did
not err by granting summary judgment. Appellant’s second issue is overruled.
2. Intentional Infliction of Emotional Distress
         Next, we address appellant’s claim of intentional infliction of emotional distress
against Hendrick.


 Specifically, appellant argues the manner in which she was
terminated was extreme and outrageous. 
         A plaintiff establishes intentional infliction of emotional distress if she can show:
(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and
outrageous; (3) defendant's conduct caused the plaintiff emotional distress; and (4)
the emotional distress was severe. Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex.
1993). Extreme and outrageous conduct is conduct that is “so outrageous in
character, and so extreme in degree, as to go beyond all possible bounds of decency,
and to be regarded as atrocious, and utterly intolerable in a civilized community.” Id.
(quoting Restatement (Second) of Torts § 46 cmt. d (1965)). This tort “does not lie
for ordinary employment disputes,” and the kind of extreme conduct necessary to raise
a fact question of intentional infliction of emotional distress in the workplace “exists
only in the most unusual of circumstances.” GTE Southwest, Inc. v. Bruce, 998
S.W.2d 605, 612-13 (Tex. 1999); Reyna v. First Nat’l Bank in Edinburg, 55 S.W.3d
58, 68 (Tex. App.–Corpus Christi 2001, no pet.). Employers supervise, review,
criticize, demote, transfer, discipline, and terminate employees. Bruce, 998 S.W.2d
at 612; Reyna, 55 S.W.3d at 68. While this is often stressful and unpleasant for an
employee, and at times may even be unwarranted, the employer nevertheless “must
have latitude to exercise these rights in a permissible way, even though emotional
distress results.” Bruce, 998 S.W.2d at 612; Reyna, 55 S.W.3d at 68. 
         In this case, the facts do not reveal that Hendrick’s conduct was extreme and
outrageous. Appellant was asked to attend a meeting where she was introduced as
a new employee. She was given business cards and a name plaque for her desk. 
Following the meeting, appellant met with Hendrick in his office and was terminated. 
These actions were not so extreme in degree as to go beyond all possible bounds of
decency, nor can they be regarded as atrocious and utterly intolerable in a civilized
community. See Twyman, 855 S.W.2d at 621; see also, e.g., Sebesta v. Kent Elecs.
Corp., 886 S.W.2d 459, 464 (Tex. App.—Houston [1st Dist.] 1994, writ denied)
(holding exit parade for terminated employee during busiest part of day was not
extreme and outrageous); Porterfield v. Galen Hosp. Corp., 948 S.W.2d 916, 921
(Tex. App.—San Antonio 1997, writ denied) (holding verbal abuse, refusal to allow
plaintiff lunch breaks, and hostile demonstrations when plaintiff left work sick was not
extreme and outrageous conduct); Garcia v. Andrews, 867 S.W.2d 409, 412 (Tex.
App.—Corpus Christi 1993, no writ) (holding conduct of manager who made sexually
suggestive and embarrassing remarks to plaintiff and mentally undressed her, was not
extreme and outrageous). 
         Hendrick conclusively negated the existence of extreme and outrageous
conduct. See Alvarez, 967 S.W.2d at 874. Therefore, the trial court did not err in
granting summary judgment as to the claim of intentional infliction of emotional
distress. Appellant’s fifth issue is overruled. 
         Because of the disposition of appellant's fifth issue, we need not address
appellant’s sixth issue as it addresses Hendrick’s affirmative defense to appellant’s
claim of intentional infliction of emotional distress. See Tex. R. App. P. 47.1.
IV. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.


                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 19th day of August, 2004.