NUMBER 13-04-124-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
PHARR SAN JUAN-ALAMO SCHOOL DISTRICT,                     Appellant,
v.
LAURA A. CAMPOS,                                                                     Appellee.



On appeal from the 206th District Court
of Hidalgo County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Yañez

                               Opinion by Chief Justice Valdez
 
 
           This is an interlocutory appeal of the trial court’s ruling denying appellant Pharr-San
Juan-Alamo Independent School District’s (PSJA) plea to the jurisdiction. By one issue,
appellant asserts the trial court erred as undisputed facts establish that appellant is entitled
to assert sovereign immunity on appellee Laura A. Campos’s breach of contract claim. We
reverse and remand. 
I. Factual and Procedural Background
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite the facts here except as necessary to advise the parties of the Court’s decision
and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis
          By its sole issue, appellant asserts the trial court erred by denying its plea to the
jurisdiction as undisputed facts establish that appellant is entitled to assert sovereign
immunity on appellee’s breach of contract claim.


 Sovereign immunity from suit defeats
a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the
jurisdiction. See Tex. Dep’t of Parks & Wildlife v. Miranda,133 S.W.3d 217, 225-26 (Tex.
2004). The trial court must determine at its earliest opportunity whether it has the
constitutional or statutory authority to decide the case before allowing the litigation to
proceed. See id. We review the trial court’s ruling on a plea to the jurisdiction based on
immunity from suit de novo. See Tex. Dep’t of Parks & Wildlife,133 S.W.3d at 225-26; 
Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  Doctrine of Sovereign Immunity 
          Sovereign immunity, unless waived, protects the State of Texas, its agencies and
its officials (the State) from lawsuits for damages absent legislative consent to sue. See
Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997); Griffin v. Hawn, 341 S.W.2d
151,152-53 (Tex. 1960). Sovereign immunity embraces two principles: (1) immunity from
suit, and (2) immunity from liability. See Fed. Sign, 951 S.W.2d at 405; Mo. Pac. R.R. Co.
v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970). 
          Immunity from suit bars a suit against the State unless the State expressly gives its
consent to the suit. See Fed. Sign, 951 S.W.2d at 405; Univ. of Tex.-Pan Am. v. De Los
Santos, 997 S.W.2d 817, 821 (Tex. App.–Corpus Christi 1999, no pet.). In other words,
although the claim asserted may be one in which the State acknowledges liability, the rule
precludes a remedy until the legislature consents to suit. See Fed. Sign, 951 S.W.2d at
405. A party suing the State must allege consent to suit either by reference to statute or
express legislative permission. See Mo. Pac. R.R., 453 S.W.2d at 814. The State must
consent “by clear and unambiguous language” to suit by statute or by legislative resolution. 
See Fed. Sign, 951 S.W.2d at 405; Univ. of Tex. Med. Ctr. at Galveston v. York, 871
S.W.2d 175, 177 (Tex. 1994).
          Immunity from liability protects the State from judgments even if the legislature has
expressly given consent to the suit. See Fed. Sign, 951 S.W.2d at 405; De Los Santos,
997 S.W.2d at 821. In other words, even if the legislature authorizes suit against the State,
the question remains whether the claim is one for which the State acknowledges liability. 
See Fed. Sign, 951 S.W.2d at 405. The State neither creates nor admits liability by
granting permission to be sued. See id. ("[a] resolution granting permission to sue does
not waive to any extent immunity from liability."). However, when the State contracts, the
State is liable on contracts made for its benefit as if it were a private person; thus, when
the State contracts with private citizens it waives immunity from liability. See id. at 405-06. 
Nevertheless, a private citizen must have legislative consent to sue the State on a breach
of contract claim; the act of contracting alone does not waive the State's immunity from
suit. See id. at 408.
Analysis
          Appellant is a political subdivision of the State of Texas and is clearly entitled to the
protections afforded under the doctrine of sovereign immunity. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.001 (3)(B) (Vernon 2004). As a party suing a political subdivision,
appellee had the burden to allege consent to suit either by reference to statute or
legislative permission. See Mo. Pac. R.R. Co., 453 S.W.2d at 813-14. The trial record
does not show appellee cited statutory authority to sue appellant under the submitted
contract claim nor does it show appellee has been granted or even sought legislative
authorization to do so. See e.g., Mo. Pac. R.R. Co., 453 S.W.2d at 813 (illustrating State
consented to be sued by “sue and be sued” language in asserted statute). Further,
appellee did not file a brief on appeal asserting authority to sue. See id. (allowing plaintiff
to assert State consent to suit under general statute for the first time on appeal). It is well-settled that absent legislative authorization, a trial court errs in overruling a plea to the
jurisdiction asserting sovereign immunity against contract claims. See Fed. Sign, 951
S.W.2d at 412; De Los Santos, 997 S.W.2d at 821. Accordingly, we sustain appellant’s
issue.
III. Conclusion 
          We conclude the record before us does not demonstrate the trial court had
jurisdiction to hear the alleged breach of contract claim asserted against appellant. 
However, the error in appellee’s pleading is curable, and we are directed to provide
appellee with an opportunity to cure. See Tex. Dep't of Parks & Wildlife, 133 S.W.3d 217,
226-227 (holding that when pleadings do not “affirmatively demonstrate the trial court's
jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue
is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to
amend.”). Accordingly, we reverse the trial court’s decision and remand the case back to
the trial court to allow appellee an opportunity to cure.
 

          
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 

Memorandum Opinion delivered and filed
this 19th day of May, 2005.